IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

---

| | |
|---|---|
| BRIAN NAUMAN, | Cause No. CV 06-29-M-JCL |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |
| STATE OF MONTANA, | |
| Respondent. | |

---

On February 22, 2006, Petitioner Brian Nauman moved to proceed in forma pauperis with this action for extraordinary relief. The motion was granted in a separate Order. Nauman is a state prisoner proceeding pro se. He has also filed a petition for writ of habeas corpus in this Court. See Nauman v. State of Montana, No. CV 05-43-M-JCL (D. Mont. filed Mar. 29, 2005).

**I. Preliminary Screening**

Rule 4 of the 2254 Rules requires courts to examine the petition before ordering the respondent to file an answer or any other pleading. The petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Id. If summary dismissal is not warranted, the

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 1

judge must order the respondent to file an answer, motion, or other response or "to take other action the judge may order." Id.

## II. Analysis

Nauman's pleading is titled "Petition for Extraordinary Writ (Mandamus)." See Pet. (doc. 1) at 1. He acknowledges that he has a pending petition for writ of habeas corpus in this Court. He says:

> The petitioner had previously filed a pro-se petition for habeas corpus with this Federal Court and that petition remains pending under case number: CV 05-43-M-LBE.
> This present request for an extraordinary writ pertains to the same Montana State case albeit specifically, here, regarding a recent act(s) of misconduct (failure to comply with Montana State laws and Constitutional guarantees) regarding the petitioner's attempt to seek remedy for a breach of a plea agreement contract by the State of Montana.

Pet. at 1-2. Nauman contends that the Montana Supreme Court failed to address his petitions to them in accordance with Montana contract law. He claims that Title 28 of the Montana Code Annotated, which governs contracts, does not preclude him from filing a petition for writ of habeas corpus, so that the Montana Supreme Court violated state law when it rejected his petitions for writ of habeas corpus pursuant to Mont. Code Ann. § 46-22-101.

For at least three reasons, this Court lacks jurisdiction even to consider Nauman's present petition. First, it is doubtful that federal district courts could recognize a "petition for

extraordinary writ."[1] Even if such relief might be available in some context, it is not available here. Persons who are in custody and who seek to challenge a state court's criminal judgment on federal grounds must proceed under 28 U.S.C. § 2254, not by any other writ. *See, e.g., Felker v. Turpin*, 518 U.S. 651, 662 (1996) ("Our authority to grant habeas relief to state prisoners is limited by § 2254, which specifies the conditions under which such relief may be granted to 'a person in custody pursuant to the judgment of a State court.'"); *Owens v. Boyd*, 235 F.3d 356, 360 (7th Cir. 2000) ("Persons still in custody must look to § 2254 or § 2255 for relief; they cannot use [28 U.S.C.] § 1651(a) to escape statutory restrictions on those remedies."). Because Nauman is in state custody, only a petition for writ of habeas corpus under 28 U.S.C. § 2254 is available to him.

Second, the Montana Supreme Court is the highest authority in the land, bar none, on the construction and application of Montana law. Not even the United States Supreme Court may question the Montana Supreme Court's interpretation of Montana law. *See, e.g., Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("Today we reemphasize that it is not the province of a federal habeas court to reexamine state court determinations on state law questions."); *Wisconsin v. Mitchell*, 508 U.S. 476, 483 (1993) ("There is no doubt

---

[1] Mandamus relief is precluded by the fact that a federal court has no jurisdiction to issue such a writ to a state court. *See* 28 U.S.C. § 1651; *Demos v. United States Dist. Court*, 925 F.2d 1160, 1161 (9th Cir. 1991).

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 3

that we are bound by a state court's construction of a state statute."). If the Montana Supreme Court says Mont. Code Ann. § 46-22-101 bars Nauman's petition, it does. No federal court can compel the Montana courts to take action a petitioner believes to be mandated by state law.

Third, federal district courts are courts of original jurisdiction, not appellate jurisdiction. Generally speaking, "federal district courts have 'no authority to review the final determinations of a state court in judicial proceedings.'" *Gruntz v. County of Los Angeles (In re Gruntz)*, 202 F.3d 1074, 1078 (9th Cir. 2000) (en banc) (quoting *Worldwide Church of God v. McNair*, 805 F.2d 888, 890 (9th Cir. 1986)). This rule is known as the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). It arises by way of negative inference from two general jurisdictional statutes: 28 U.S.C. § 1331, which gives the federal courts "*original* jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States" (emphasis added), and 28 U.S.C. § 1257(a), which gives the United States Supreme Court – not the district courts – the authority to review "[f]inal judgments or decrees rendered by the highest court of a State." *See Gruntz*, 202 F.3d at 1078.

The *Rooker-Feldman* doctrine means that "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 4

court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994). The doctrine applies "even if [the plaintiff] allege[s] that the state court's action was unconstitutional." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 901 (9th Cir. 2003) (quoting *Feldman*, 460 U.S. at 486, and *Kenmen Eng'g v. City of Union*, 314 F.3d 468, 475 (10th Cir. 2002)). Here, of course, Nauman does not even allege that the Montana Supreme Court's decision violated his federal rights; he asserts only that his rights under state law were violated. His case is therefore even further removed from the purview of federal jurisdiction.

For at least these three reasons, this Court lacks jurisdiction to consider Nauman's petition in this case. The petition should be dismissed.

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

Nauman's Petition (doc. 1) should be DISMISSED for lack of jurisdiction.

The Clerk of Court shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the Petitioner. Petitioner is advised that, pursuant to 28 U.S.C. § 636, any objections to these findings must be filed or delivered to

prison authorities for mailing within twenty (20) calendar days[2] after the entry date reflected on the Notice of Electronic Filing, or objection is waived.

Nauman must immediately inform the Court of any change in his mailing address. Failure to do so may result in dismissal of this action without notice to him.

DATED this *13th* day of September, 2006.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge

---

[2] In prisoner cases, this Court extends the time to object to twenty days in order to take into account the Supreme Court's ruling in *Houston v. Lack*, 487 U.S. 266, 270-71 (1988), and the somewhat greater mailing time that is involved in sending documents into and out of a prison facility.